NO. 07-12-00366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2013

_____

JEANNE SUE HUNTER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1126; HONORABLE STEVEN RAY EMMERT, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jeanne Sue Hunter, appeals the decision of the trial court adjudicating her guilty of the offense of aggravated assault with a deadly weapon.[1] Appellant entered a negotiated plea of guilty to the offense and was placed on deferred adjudication for a period of seven years. Subsequently, the State filed a motion to adjudicate appellant guilty. At the hearing on the motion to adjudicate, appellant pleaded true to violating three of her terms and conditions and not true to the remaining terms and conditions. After hearing the evidence, the trial court found all allegations

_____

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

were true and adjudicated appellant guilty of the underlying offense. Thereafter, the trial court sentenced appellant to serve five years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant gave notice of appeal. We affirm.

Appellant's attorney has filed an <u>Anders</u> brief and a motion to withdraw. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. <u>Id</u>. at 744-45. In compliance with <u>High v. State</u>, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the <u>Anders</u> brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. <u>Stafford v. State</u>, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The Court has also advised appellant of his right to file a *pro se* response. Appellant has filed a response.

By his <u>Anders</u> brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Bledsoe v. State</u>, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have also reviewed the *pro se* response filed by appellant.

We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.[2]

Mackey K. Hancock
Justice

Do not publish.

_____

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review.  <u>See</u> TEX. R. APP. P. 48.4.